IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL F. MORGAN,

    Plaintiff,                      No. 2:11-cv-2101 DAD

    vs.

CAROLYN W. COLVIN,              ORDER
Commissioner of Social Security,

    Defendant.
_____/

        This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, plaintiff's motion is denied, defendant's motion is granted, and the decision of the Commissioner of Social Security (Commissioner) is affirmed.

## PROCEDURAL BACKGROUND

        On October 31, 2007, plaintiff filed an application for Disabled Adult Child Benefits under Title II of the Social Security Act (the Act) and for Supplemental Security Income (SSI) under Title XVI of the Act, alleging disability beginning on March 2, 2006. (Transcript (Tr.) at 9, 172-77.) Plaintiff's application was denied initially and upon reconsideration. (Id. at 110-13, 121-26.) A hearing was held before an Administrative Law Judge (ALJ) on July 8, 2009, (id. at 23-41) and a second such hearing was held on March 8, 2010. (Id. at 42-99.)

Plaintiff was represented by counsel and testified at both administrative hearings. In a decision issued on April 20, 2010, the ALJ found that plaintiff was not disabled. (Id. at 17.) The ALJ entered the following findings:

> 1. Born on July 6, 1985, the claimant had not attained age 22 as of March 2, 2006, the alleged onset date (20 CFR 404.102, 416.120(c)(4) and 404.350(a)(5)).
>
> 2. The claimant has not engaged in substantial gainful activity since March 2, 2006, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).
>
> 3. The claimant has the following severe impairments: bipolar disorder; borderline intellectual functioning; schizophrenia. (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: he has no limitation in understanding, remembering, and carrying out short, simple instructions; he has moderate limitation in understanding, remembering, and carrying out detailed instructions; he has no limitations in the ability to make judgments on simple work-related decisions; he has slight to moderate limitations in the ability to make judgments on detailed work-related decisions; he is limited to frequent exposure to the public, supervisors, and coworkers; and he has slight to moderate limitation in the ability to respond appropriate (sic) to work pressures and changes in a routine work setting.
>
> 6. At all times relevant to this decision, the claimant has been capable of performing past relevant work as a roofer helper, carpenter helper, warehouse laborer, and temporary laborer. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from March 2, 2006, through the date of this decision (20 CFR 404.350(a)(5), 404.1520(f) and 416.920(f)).

(Id. at 11-17.)

1         On June 8, 2011, the Appeals Council denied plaintiff's request for review of the
2 ALJ's decision.  (Id. at 1-3.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by
3 filing the complaint in this action on August 8, 2011.

4                                    **LEGAL STANDARD**

5         The Commissioner's decision that a claimant is not disabled will be upheld if the
6 findings of fact are supported by substantial evidence in the record as a whole and the proper
7 legal standards were applied.  Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973
8 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).
9 The findings of the Commissioner as to any fact, if supported by substantial evidence, are
10 conclusive.  Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such
11 relevant evidence as a reasonable mind might accept as adequate to support a conclusion.
12 Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Morgan, 169 F.3d at 599); Jones
13 v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401
14 (1971)).

15         A reviewing court must consider the record as a whole, weighing both the
16 evidence that supports and the evidence that detracts from the ALJ's conclusion.  Jones, 760 F.2d
17 at 995.  The court may not affirm the ALJ's decision simply by isolating a specific quantum of
18 supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If
19 substantial evidence supports the administrative findings, or if there is conflicting evidence
20 supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive,
21 Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an
22 improper legal standard was applied in weighing the evidence, Burkhart v. Bowen, 856 F.2d
23 1335, 1338 (9th Cir. 1988).

24         In determining whether or not a claimant is disabled, the ALJ should apply the
25 five-step sequential evaluation process established under Title 20 of the Code of Federal
26 Regulations, Sections 404.1520 and 416.920.  Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).

The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Yuckert, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In his pending motion plaintiff argues that the ALJ committed the following three principal errors in finding him not disabled: (1) the ALJ failed to accurately summarize plaintiff's mental health records; (2) the ALJ improperly rejected both plaintiff's own testimony concerning his subjective symptoms and the statement of a third party witness; and (3) the ALJ failed to inquire of the Vocational Expert whether his testimony was consistent with the Dictionary of Occupational Titles.

/////
/////
/////

## I.  Mental Health Records

Plaintiff first argues that the ALJ's opinion failed to accurately summarize plaintiff's mental health records. (Pl.'s MSJ (Doc. No. 15) at 11-14.[1]) Specifically, plaintiff argues that the ALJ's opinion failed to discuss plaintiff's GAF score and "generally mischaracterized the evidence regarding his mental health treatment." (Id. at 14.)[2]

However, "in interpreting the evidence and developing the record, the ALJ does not need to 'discuss every piece of evidence.'" Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) (quoting Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998)). In this regard, "an ALJ's failure to mention a GAF score does not render his assessment of a claimant's RFC deficient." Chavez v. Astrue, 699 F. Supp.2d 1125, 1135 (C.D. Cal. 2009). See also Dowdy v. Astrue, No. EDCV 11-1111-MAN, 2013 WL 395039, at *9 (C.D. Cal. Jan. 31, 2013) ("As the cases cited in Chavez make clear, an ALJ's assessment of the medical evidence is not deficient simply because he fails to mention GAF scores of record.").

Here, the ALJ's decision addressed the evidence of record in detail, including discussion of the multiple medical opinions, plaintiff's own testimony and the third party statement. Although the conclusion plaintiff draws from the medical evidence is different from that drawn by the ALJ, that difference of opinion does not establish that the ALJ committed an error. See Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005) ("Although the evidence of Burch's daily activities may also admit of an interpretation more favorable to Burch, the ALJ's
/////

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[2] A GAF score represents a present rating of overall psychological functioning on a scale of 0 to 100. See DIAGNOSTIC AND STATISTICAL MANUAL OF DISORDERS, at 30-31 (Am. Psychiatric Ass'n, 4th Ed. 2000) ("DSM-IV"). See also Keyser v. Commissioner Social Sec. Admin., 648 F.3d 721, 723 (9th Cir. 2011) ("A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment.").

interpretation was rational, and we must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation.").

Accordingly, plaintiff is not entitled to relief with respect to this claim.

## II.     **Plaintiff's Testimony**

Plaintiff also argues that the ALJ improperly rejected both plaintiff's own testimony concerning his subjective symptoms, as well as the third party statement of Ms. Gloria Morgan-Williams, plaintiff's mother. (Pl.'s MSJ (Doc. No. 15) at 14-18.)

The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so . . . .

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking . . . ." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among

1  other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's]
2  testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work
3  record, and testimony from physicians and third parties concerning the nature, severity, and effect
4  of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59
5  (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792
6  (9th Cir. 1997)).  If the ALJ's credibility finding is supported by substantial evidence in the
7  record, the court "may not engage in second-guessing." Id.

8  Here, the ALJ found that plaintiff's medically determinable impairments could
9  reasonably be expected to cause his alleged symptoms, but that plaintiff's testimony concerning
10 the intensity, persistence and limiting effects of those symptoms was not credible to the extent
11 that testimony was inconsistent with the ALJ's residual functional capacity ("RFC")
12 determination.  (Tr. at 15.)  Specifically, with respect to plaintiff's allegations of intense
13 psychiatric-based symptoms, the ALJ found those allegations were not credible because they
14 were inconsistent with the opinion of examining physician Dr. Nakagawa.  (Tr. at 15.)  In this
15 regard, on February 27, 2008, Dr. Janice Nakagawa examined plaintiff and concluded, in part,
16 that plaintiff did "not evidence significant depression," and "can carry out simple job instructions
17 . . . . deal with the public . . . [and] deal with routines and changes in work routines." (Id. at 277-
18 78.)  The ALJ is permitted to consider such evidence in evaluating a claimant's credibility.  See
19 Light, 119 F.3d at 792 (in weighing claimant's credibility ALJ may consider "testimony from
20 physicians").

21 With respect to plaintiff's testimony that he suffered from intense physical pain
22 throughout his body, the ALJ's decision noted that plaintiff "does not medicate such symptoms"
23 and that the "allegations are without significant evidentiary support." (Tr. at 16.)  Such
24 considerations by the ALJ are permissible.  See Burch, 400 F.3d at 681 (lack of medical evidence
25 is a relevant factor for the ALJ to consider in his credibility analysis); Meanel v. Apfel, 172 F.3d
26 /////

7

1111, 1114 (9th Cir. 1999) (failure to request "any serious medical treatment for [claimant's] supposedly excruciating pain" was adequate reason to reject claimant's pain testimony).

For the reasons stated above, the court finds that the ALJ did offer specific, clear and convincing reasons for rejecting plaintiff's testimony regarding the severity of his subjective symptoms.

The ALJ also acknowledged the third party statement of plaintiff's mother but accorded that statement for the same reasons he discredited plaintiff's own testimony concerning the severity of his subjective symptoms. (Tr. at 15-16.)[3] Because the ALJ provided specific, clear and convincing reasons for rejecting plaintiff's testimony, and because the third party statement offered by his mother, Ms. Morgan-Williams, was consistent with plaintiff's testimony concerning those subjective symptoms, the court finds that the ALJ also gave specific, clear and convincing reasons for discrediting the third party statement of Ms. Morgan Williams. See Valentine, 574 F.3d at 694 ("In light of our conclusion that the ALJ provided clear and convincing reasons for rejecting Valentine's own subjective complaints, and because Ms. Valentine's testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting her testimony."); Bryant v. Astrue, No. 2:11-cv-1115 EFB, 2012 WL 4468403, at *7 (E.D. Cal. Sept. 25, 2012) ("Given that the ALJ gave legally sufficient reasons for rejecting plaintiff's testimony regarding his subjective complaints and that his daughter and son-in-law's statements merely substantiate his complaints, it follows that the ALJ provided a germane reason for discrediting these lay-witness statements."); see also Molina v. Astrue, 674 F.3d 1104, 1122 (9th Cir. 2012) ("an ALJ's failure to comment upon lay witness testimony is harmless where the same evidence that the ALJ referred to in discrediting the claimant's claims also discredits the lay witness's claims.").

/////

---

[3] The third party statement of Ms. Morgan-Williams was consistent with plaintiff's own testimony in describing the severity of his subjective symptoms.

Accordingly, plaintiff is also not entitled to relief with respect to this claim.

**III.    Vocational Expert**

Finally, plaintiff argues that the ALJ erred by failing to ask the Vocational Expert ("VE") whether his testimony was consistent with the information found in the Dictionary of Occupational Titles ("DOT"). (Pl.'s MSJ (Doc. No. 15) at 19-20.) Plaintiff also argues that the VE's testimony was, in fact, inconsistent with the DOT because the VE testified that a person limited to plaintiff's RFC could perform the job of mail clerk, even though the job of mail clerk requires a greater reasoning ability than contemplated by plaintiff's RFC. (Id. at 19-20.)

Testimony provided by a VE generally should be consistent with the DOT. See Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007). In Massachi, the Ninth Circuit adopted the procedural requirements set forth in SSR 00-4p, which states that the ALJ has an affirmative responsibility to ask about any possible conflict between the VE's testimony and the information provided in the DOT. Id. at 1152. Accordingly, the ALJ "'*will ask*' the vocational expert 'if the evidence he or she has provided' is consistent with the *Dictionary of Occupational Titles* and obtain a reasonable explanation for any apparent conflict." Id. at 1152-53 (emphasis in original).

If the ALJ fails to ask whether the VE's testimony conflicts with the DOT, or fails to inquire whether there is a reasonable explanation for the conflict, the matter may be remanded so that the ALJ can perform the appropriate inquiries. Id. at 1153-54. However, the matter is not to be remanded if the error in question was harmless. See Bordbar v. Astrue, 475 Fed. Appx. 214, 215 (9th Cir. 2012) (such error was harmless because record showed that claimant could perform the jobs identified by the VE); Cole v. Astrue, 395 Fed Appx. 387, 390 (9th Cir. 2010) (same).[4]

Although the VE in this case testified that an individual with plaintiff's limitations could perform other work, specifically the job of mail clerk, the ALJ ultimately concluded based

---

[4] Citation to these unpublished Ninth Circuit opinions is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1  upon the evidence that plaintiff could perform his past relevant work as a roofer helper, carpenter
2  helper, warehouse laborer, and temporary laborer.  (Tr. at 16.)  As such, the ALJ's failure to ask
3  the VE about the potential conflict between his testimony and the DOT concerning the
4  requirements of the job of mail clerk was harmless.  See Taguines v. Astrue, No. ED CV 11-
5  1315-PLA, 2012 WL 2805029, at *7 (C.D. Cal. July 6, 2012) (failure to ask VE about a conflict
6  between the testimony and the DOT was harmless where the ALJ properly found plaintiff
7  retained the capacity to perform his past relevant work); see also Stout v. Commissioner, Social
8  Sec. Admin, 454 F.3d 1050, 1055 (9th Cir. 2006) (ALJ error harmless if inconsequential to the
9  ultimate nondisability determination).

      Accordingly, the court concludes that plaintiff is also not entitled to relief with respect to this claim.

## CONCLUSION

      The court has found that plaintiff is not entitled to summary judgment in his favor with respect to any of his arguments.

      Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. No. 15) is denied;

2. Defendant's cross-motion for summary judgment (Doc. No. 18) is granted; and

3. The decision of the Commissioner of Social Security is affirmed.

DATED: March 28, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1/orders.soc sec/morgan2101.order