1

2

3

4

5

6

7

8                                IN THE UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL F. MORGAN,

11              Plaintiff,                              No. 2:11-cv-2101 DAD

12        vs.

13   CAROLYN W. COLVIN,                    <u>ORDER</u>
     Commissioner of Social Security,
14
                Defendant.
15   _____/

16              This social security action was submitted to the court without oral argument for

17   ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary

18   judgment.  For the reasons explained below, plaintiff's motion is denied, defendant's motion is

19   granted, and the decision of the Commissioner of Social Security (Commissioner) is affirmed.

20                             **PROCEDURAL BACKGROUND**

21              On October 31, 2007, plaintiff filed an application for Disabled Adult Child

22   Benefits under Title II of the Social Security Act (the Act) and for Supplemental Security Income

23   (SSI) under Title XVI of the Act, alleging disability beginning on March 2, 2006.  (Transcript

24   (Tr.) at 9, 172-77.)  Plaintiff's application was denied initially and upon reconsideration.  (<u>Id</u>. at

25   110-13, 121-26.)  A hearing was held before an Administrative Law Judge (ALJ) on July 8,

26   2009, (<u>id</u>. at 23-41) and a second such hearing was held on March 8, 2010.  (<u>Id</u>. at 42-99.)

Plaintiff was represented by counsel and testified at both administrative hearings.  In a decision issued on April 20, 2010, the ALJ found that plaintiff was not disabled.  (Id. at 17.)  The ALJ entered the following findings:

> 1.  Born on July 6, 1985, the claimant had not attained age 22 as of March 2, 2006, the alleged onset date (20 CFR 404.102, 416.120(c)(4) and 404.350(a)(5)).
>
> 2.  The claimant has not engaged in substantial gainful activity since March 2, 2006, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).
>
> 3.  The claimant has the following severe impairments:  bipolar disorder; borderline intellectual functioning; schizophrenia.  (20 CFR 404.1520(c) and 416.920(c)).
>
> 4.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations:  he has no limitation in understanding, remembering, and carrying out short, simple instructions; he has moderate limitation in understanding, remembering, and carrying out detailed instructions; he has no limitations in the ability to make judgments on simple work-related decisions; he has slight to moderate limitations in the ability to make judgments on detailed work-related decisions; he is limited to frequent exposure to the public, supervisors, and coworkers; and he has slight to moderate limitation in the ability to respond appropriate (sic) to work pressures and changes in a routine work setting.
>
> 6.  At all times relevant to this decision, the claimant has been capable of performing past relevant work as a roofer helper, carpenter helper, warehouse laborer, and temporary laborer.  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
>
> 7.  The claimant has not been under a disability, as defined in the Social Security Act, from March 2, 2006, through the date of this decision (20 CFR 404.350(a)(5), 404.1520(f) and 416.920(f)).

(Id. at 11-17.)

1    On June 8, 2011, the Appeals Council denied plaintiff's request for review of the

2  ALJ's decision.  (Id. at 1-3.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by

3  filing the complaint in this action on August 8, 2011.

4                                    **LEGAL STANDARD**

5    The Commissioner's decision that a claimant is not disabled will be upheld if the

6  findings of fact are supported by substantial evidence in the record as a whole and the proper

7  legal standards were applied.  Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973

8  (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

9  The findings of the Commissioner as to any fact, if supported by substantial evidence, are

10  conclusive.  Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such

11  relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

12  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Morgan, 169 F.3d at 599); Jones

13  v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401

14  (1971)).

15    A reviewing court must consider the record as a whole, weighing both the

16  evidence that supports and the evidence that detracts from the ALJ's conclusion.  Jones, 760 F.2d

17  at 995.  The court may not affirm the ALJ's decision simply by isolating a specific quantum of

18  supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If

19  substantial evidence supports the administrative findings, or if there is conflicting evidence

20  supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive,

21  Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

22  improper legal standard was applied in weighing the evidence, Burkhart v. Bowen, 856 F.2d

23  1335, 1338 (9th Cir. 1988).

24    In determining whether or not a claimant is disabled, the ALJ should apply the

25  five-step sequential evaluation process established under Title 20 of the Code of Federal

26  Regulations, Sections 404.1520 and 416.920.  Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).

1  The five-step process has been summarized as follows:

2          Step one:  Is the claimant engaging in substantial gainful activity?
          If so, the claimant is found not disabled.  If not, proceed to step
3          two.

4          Step two:  Does the claimant have a "severe" impairment?  If so,
          proceed to step three.  If not, then a finding of not disabled is
5          appropriate.

6          Step three:  Does the claimant's impairment or combination of
          impairments meet or equal an impairment listed in 20 C.F.R., Pt.
7          404, Subpt. P, App. 1?  If so, the claimant is automatically
          determined disabled.  If not, proceed to step four.
8
          Step four:  Is the claimant capable of performing his past work?  If
9          so, the claimant is not disabled.  If not, proceed to step five.

10         Step five:  Does the claimant have the residual functional capacity
          to perform any other work?  If so, the claimant is not disabled.  If
11         not, the claimant is disabled.

12  Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

13         The claimant bears the burden of proof in the first four steps of the sequential

14  evaluation process.  Yuckert, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the

15  sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098

16  (9th Cir. 1999).

17                                        **APPLICATION**

18         In his pending motion plaintiff argues that the ALJ committed the following three

19  principal errors in finding him not disabled:  (1) the ALJ failed to accurately summarize

20  plaintiff's mental health records; (2) the ALJ improperly rejected both plaintiff's own testimony

21  concerning his subjective symptoms and the statement of a third party witness; and (3) the ALJ

22  failed to inquire of the Vocational Expert whether his testimony was consistent with the

23  Dictionary of Occupational Titles.

24  /////

25  /////

26  /////

4

1   **I.     Mental Health Records**

2        Plaintiff first argues that the ALJ's opinion failed to accurately summarize

3   plaintiff's mental health records.  (Pl.'s MSJ (Doc. No. 15) at 11-14.[1])  Specifically, plaintiff

4   argues that the ALJ's opinion failed to discuss plaintiff's GAF score and "generally

5   mischaracterized the evidence regarding his mental health treatment."  (Id. at 14.)[2]

6        However, "in interpreting the evidence and developing the record, the ALJ does

7   not need to 'discuss every piece of evidence.'"  Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006,

8   1012 (9th Cir. 2003) (quoting Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998)).  In this regard,

9   "an ALJ's failure to mention a GAF score does not render his assessment of a claimant's RFC

10  deficient."  Chavez v. Astrue, 699 F. Supp.2d 1125, 1135 (C.D. Cal. 2009).  See also Dowdy v.

11  Astrue, No. EDCV 11-1111-MAN, 2013 WL 395039, at *9 (C.D. Cal. Jan. 31, 2013) ("As the

12  cases cited in Chavez make clear, an ALJ's assessment of the medical evidence is not deficient

13  simply because he fails to mention GAF scores of record.").

14       Here, the ALJ's decision addressed the evidence of record in detail, including

15  discussion of the multiple medical opinions, plaintiff's own testimony and the third party

16  statement.  Although the conclusion plaintiff draws from the medical evidence is different from

17  that drawn by the ALJ, that difference of opinion does not establish that the ALJ committed an

18  error.  See Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005) ("Although the evidence of

19  Burch's daily activities may also admit of an interpretation more favorable to Burch, the ALJ's

20  /////

21

22       [1]  Page number citations such as this one are to the page number reflected on the court's
    CM/ECF system and not to page numbers assigned by the parties.

23

24       [2]  A GAF score represents a present rating of overall psychological functioning on a scale
    of 0 to 100.  See DIAGNOSTIC AND STATISTICAL MANUAL OF DISORDERS, at 30-31 (Am.
    Psychiatric Ass'n, 4th Ed. 2000) ("DSM-IV").  See also Keyser v. Commissioner Social Sec.

25  Admin., 648 F.3d 721, 723 (9th Cir. 2011) ("A GAF score is a rough estimate of an individual's
    psychological, social, and occupational functioning used to reflect the individual's need for

26  treatment.").

1  interpretation was rational, and we must uphold the ALJ's decision where the evidence is

2  susceptible to more than one rational interpretation.").

3          Accordingly, plaintiff is not entitled to relief with respect to this claim.

4  **II.    Plaintiff's Testimony**

5          Plaintiff also argues that the ALJ improperly rejected both plaintiff's own

6  testimony concerning his subjective symptoms, as well as the third party statement of Ms. Gloria

7  Morgan-Williams, plaintiff's mother.  (Pl.'s MSJ (Doc. No. 15) at 14-18.)

8          The Ninth Circuit has summarized the ALJ's task with respect to assessing a

9  claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective
> pain or symptoms is credible, an ALJ must engage in a two-step
> analysis.  First, the ALJ must determine whether the claimant has
> presented objective medical evidence of an underlying impairment
> which could reasonably be expected to produce the pain or other
> symptoms alleged.  The claimant, however, need not show that her
> impairment could reasonably be expected to cause the severity of
> the symptom she has alleged; she need only show that it could
> reasonably have caused some degree of the symptom.  Thus, the
> ALJ may not reject subjective symptom testimony . . . simply
> because there is no showing that the impairment can reasonably
> produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no
> evidence of malingering, the ALJ can reject the claimant's
> testimony about the severity of her symptoms only by offering
> specific, clear and convincing reasons for doing so . . . .

19  Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks

20  omitted).  "At the same time, the ALJ is not required to believe every allegation of disabling

21  pain, or else disability benefits would be available for the asking . . . ."  Molina v. Astrue, 674

22  F.3d 1104, 1112 (9th Cir. 2012).

23          "The ALJ must specifically identify what testimony is credible and what

24  testimony undermines the claimant's complaints."  Valentine v. Comm'r of Soc. Sec. Admin.,

25  574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d

26  595, 599 (9th Cir. 1999)).  In weighing a claimant's credibility, an ALJ may consider, among

other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms, but that plaintiff's testimony concerning the intensity, persistence and limiting effects of those symptoms was not credible to the extent that testimony was inconsistent with the ALJ's residual functional capacity ("RFC") determination. (Tr. at 15.) Specifically, with respect to plaintiff's allegations of intense psychiatric-based symptoms, the ALJ found those allegations were not credible because they were inconsistent with the opinion of examining physician Dr. Nakagawa. (Tr. at 15.) In this regard, on February 27, 2008, Dr. Janice Nakagawa examined plaintiff and concluded, in part, that plaintiff did "not evidence significant depression," and "can carry out simple job instructions . . . . deal with the public . . . [and] deal with routines and changes in work routines." (Id. at 277-78.) The ALJ is permitted to consider such evidence in evaluating a claimant's credibility. See Light, 119 F.3d at 792 (in weighing claimant's credibility ALJ may consider "testimony from physicians").

With respect to plaintiff's testimony that he suffered from intense physical pain throughout his body, the ALJ's decision noted that plaintiff "does not medicate such symptoms" and that the "allegations are without significant evidentiary support." (Tr. at 16.) Such considerations by the ALJ are permissible. See Burch, 400 F.3d at 681 (lack of medical evidence is a relevant factor for the ALJ to consider in his credibility analysis); Meanel v. Apfel, 172 F.3d /////

1   1111, 1114 (9th Cir. 1999) (failure to request "any serious medical treatment for [claimant's]

2   supposedly excruciating pain" was adequate reason to reject claimant's pain testimony).

3          For the reasons stated above, the court finds that the ALJ did offer specific, clear

4   and convincing reasons for rejecting plaintiff's testimony regarding the severity of his subjective

5   symptoms.

6          The ALJ also acknowledged the third party statement of plaintiff's mother but

7   accorded that statement for the same reasons he discredited plaintiff's own testimony concerning

8   the severity of his subjective symptoms.  (Tr. at 15-16.)[3]  Because the ALJ provided specific,

9   clear and convincing reasons for rejecting plaintiff's testimony, and because the third party

10  statement offered by his mother, Ms. Morgan-Williams, was consistent with plaintiff's testimony

11  concerning those subjective symptoms, the court finds that the ALJ also gave specific, clear and

12  convincing reasons for discrediting the third party statement of Ms. Morgan Williams.  See

13  Valentine, 574 F.3d at 694 ("In light of our conclusion that the ALJ provided clear and

14  convincing reasons for rejecting Valentine's own subjective complaints, and because Ms.

15  Valentine's testimony was similar to such complaints, it follows that the ALJ also gave germane

16  reasons for rejecting her testimony."); Bryant v. Astrue, No. 2:11-cv-1115 EFB, 2012 WL

17  4468403, at *7 (E.D. Cal. Sept. 25, 2012) ("Given that the ALJ gave legally sufficient reasons for

18  rejecting plaintiff's testimony regarding his subjective complaints and that his daughter and

19  son-in-law's statements merely substantiate his complaints, it follows that the ALJ provided a

20  germane reason for discrediting these lay-witness statements."); see also Molina v. Astrue, 674

21  F.3d 1104, 1122 (9th Cir. 2012) ("an ALJ's failure to comment upon lay witness testimony is

22  harmless where the same evidence that the ALJ referred to in discrediting the claimant's claims

23  also discredits the lay witness's claims.").

24  /////

25

26          [3]  The third party statement of Ms. Morgan-Williams was consistent with plaintiff's own
testimony in describing the severity of his subjective symptoms.

1       Accordingly, plaintiff is also not entitled to relief with respect to this claim.

2   **III.   Vocational Expert**

3       Finally, plaintiff argues that the ALJ erred by failing to ask the Vocational Expert

4   ("VE") whether his testimony was consistent with the information found in the Dictionary of

5   Occupational Titles ("DOT").  (Pl.'s MSJ (Doc. No. 15) at 19-20.)  Plaintiff also argues that the

6   VE's testimony was, in fact, inconsistent with the DOT because the VE testified that a person

7   limited to plaintiff's RFC could perform the job of mail clerk, even though the job of mail clerk

8   requires a greater reasoning ability than contemplated by plaintiff's RFC.  (Id. at 19-20.)

9       Testimony provided by a VE generally should be consistent with the DOT.  See

10  Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007).  In Massachi, the Ninth Circuit adopted

11  the procedural requirements set forth in SSR 00-4p, which states that the ALJ has an affirmative

12  responsibility to ask about any possible conflict between the VE's testimony and the information

13  provided in the DOT.  Id. at 1152.  Accordingly, the ALJ "'will ask' the vocational expert 'if the

14  evidence he or she has provided' is consistent with the *Dictionary of Occupational Titles* and

15  obtain a reasonable explanation for any apparent conflict."  Id. at 1152-53 (emphasis in original).

16      If the ALJ fails to ask whether the VE's testimony conflicts with the DOT, or fails

17  to inquire whether there is a reasonable explanation for the conflict, the matter may be remanded

18  so that the ALJ can perform the appropriate inquiries.  Id. at 1153-54.  However, the matter is not

19  to be remanded if the error in question was harmless.  See Bordbar v. Astrue, 475 Fed. Appx.

20  214, 215 (9th Cir. 2012) (such error was harmless because record showed that claimant could

21  perform the jobs identified by the VE); Cole v. Astrue, 395 Fed Appx. 387, 390 (9th Cir. 2010)

22  (same).[4]

23      Although the VE in this case testified that an individual with plaintiff's limitations

24  could perform other work, specifically the job of mail clerk, the ALJ ultimately concluded based

25

26      [4] Citation to these unpublished Ninth Circuit opinions is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1   upon the evidence that plaintiff could perform his past relevant work as a roofer helper, carpenter

2   helper, warehouse laborer, and temporary laborer.  (Tr. at 16.)  As such, the ALJ's failure to ask

3   the VE about the potential conflict between his testimony and the DOT concerning the

4   requirements of the job of mail clerk was harmless.  See Taguines v. Astrue, No. ED CV 11-

5   1315-PLA, 2012 WL 2805029, at *7 (C.D. Cal. July 6, 2012) (failure to ask VE about a conflict

6   between the testimony and the DOT was harmless where the ALJ properly found plaintiff

7   retained the capacity to perform his past relevant work); see also Stout v. Commissioner, Social

8   Sec. Admin, 454 F.3d 1050, 1055 (9th Cir. 2006) (ALJ error harmless if inconsequential to the

9   ultimate nondisability determination).

10          Accordingly, the court concludes that plaintiff is also not entitled to relief with

11   respect to this claim.

12                                         **CONCLUSION**

13          The court has found that plaintiff is not entitled to summary judgment in his favor

14   with respect to any of his arguments.

15          Accordingly, IT IS HEREBY ORDERED that:

16          1.  Plaintiff's motion for summary judgment (Doc. No. 15) is denied;

17          2.  Defendant's cross-motion for summary judgment (Doc. No. 18) is granted; and

18          3.  The decision of the Commissioner of Social Security is affirmed.

19   DATED: March 28, 2013.

20

21

22   DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE
23

24   DAD:6
     Ddad1/orders.soc sec/morgan2101.order
25

26

10